## State of Vermont v. Michael Kingsbury

[460 A.2d 452]

No. 487-81

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 5, 1983

*James W. Volz,* Windham County Deputy State's Attorney, Brattleboro, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Gibson, J.** On the evening of November 11, 1980, Brattleboro police officers observed defendant and a companion driving an orange International pickup truck with wooden stake body sides, loaded with lumber. Twelve days earlier, a local lumberyard had been robbed of lumber by someone driving a truck of the same description. The officers followed the truck, which was starting to weave badly, and shortly thereafter stopped it on suspicion of driving under the influence of intoxicating liquor and grand larceny.

After the stop, the defendant-driver was asked to perform several sobriety tests, which he successfully accomplished. The officer then asked defendant where he had acquired the load of lumber, and defendant explained that he had just taken it from the lumber company in Vernon. However, he explained that his father, who worked at the business, had told him he could take it since it was worthless and wouldn't hold up under stress. The owner of the lumberyard was called to the scene, identified his stamp on the material and verified that it was first quality hemlock boards. The officer thereupon arrested defendant and his companion for grand larceny, verbally gave them *Miranda* warnings and brought them to the police station.

Before trial, defendant moved to suppress three things: (1) his admission that he had taken the lumber; (2) incriminating statements made after his *Miranda* warnings and waiver at the police station; and (3) the physical evidence—lumber—found in the back of his truck. The trial court, concluding

that the roadside detention of defendant was custodial, and that therefore *Miranda* warnings were required, suppressed defendant's admission at the scene. However, the court denied the other suppression motions, the second because a valid *Miranda* waiver had been executed, and the third because the lumber was in plain view in the back of the open truck.

Defendant, convicted after a court trial, raises on appeal a constitutional claim relating to his successful suppression of the roadside admission. He claims, and the State concedes, that although the court below suppressed the roadside statement, it nevertheless relied on it in its judgment order as evidence of the grand larceny element of intent. We agree that this was error and therefore we reverse.

A review of the record reveals that the defense attorney moved to suppress the roadside statements because they were "obtained in violation of the United States and Vermont Constitutions." While the trial court correctly noted the complete lack of specificity in defendant's claim, it nonetheless concluded that, under our rule in *State* v. *Hohman*, 136 Vt. 341, 349–50, 392 A.2d 935, 940 (1978), defendant was in custody at the time he was questioned and made the statements, and that *Miranda* warnings were required. Since no warnings were given prior to the questioning, defendant's inculpatory admission was suppressed.

While conceding the court erred in relying upon a statement which it had previously ruled inadmissible, the State asserts that the error was harmless because the statements were improperly suppressed. In effect, the State challenges now the finding below that the roadside stop was custodial. Thus, we are faced with the threshold question of jurisdiction: is the propriety of that ruling properly before this Court?

Defendant asserts that this challenge was required to have been brought under V.R.A.P. 5 as an interlocutory appeal, or under V.R.A.P. 4 as a cross-appeal at the close of the case, and that since the State pursued neither avenue of redress, it effectively waived any challenge to the suppression ruling. The State counters that, given the other evidence against defendant, the admission was surplusage, unnecessary for conviction, and thus that the error, if any, in suppressing it was harmless.

An interlocutory appeal is not mandatory under V.R.A.P. 5. See *In re Pyramid Co.*, 141 Vt. 294, 300–07, 449 A.2d 915, 918–22 (1982). We need not decide whether a cross-appeal was necessary to preserve the suppression issue because, on this record, it is manifest that the trial court correctly suppressed the roadside statements. According to the testimony at the suppression hearing, the defendant was detained for 20–30 minutes prior to arrest, waiting for the owner of the lumber, during which time the officers would not have allowed him to leave. See *State* v. *Phillips*, 140 Vt. 210, 215–16, 436 A.2d 746, 749 (1981). Thus, even assuming arguendo that the State can attack the validity of the suppression ruling here, we hold that defendant was subject to a custodial interrogation and that the statements were properly suppressed. Having properly suppressed the defendant's statements, the court was in error in subsequently relying on the statements in deciding the case. See generally, *Miranda* v. *Arizona*, 384 U.S. 436 (1966).

*Reversed and remanded.*